IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 17-40055-01-DDC |
| MICHAEL ALLEN CARTER, | |
| Defendant. | |

**MEMORANDUM AND ORDER**

Michael Allen Carter moves pro se[1] under 18 U.S.C. § 3582(c)(1)(A) for a sentencing modification. Doc. 24. For reasons explained below, the court denies Mr. Carter's motion.

**I.   Background**

Mr. Carter pleaded guilty to Count 1 of the Indictment charging a violation of 21 U.S.C. § 84l(a)(l), that is, possession with the intent to distribute and dispense 50 grams or more of actual methamphetamine, a Schedule II controlled substance. Doc. 17 at 1. Based on Mr. Carter's offense level and criminal history, the Guidelines range at sentencing was 140 months to 175 months. Doc. 19 at 15 (PSR ¶ 79). The court sentenced Mr. Carter to a term of imprisonment of 120 months. Doc. 21 at 2. His projected release date is December 6, 2025. *See* Michael Allen Carter, Reg. No. 28751-031, https://www.bop.gov/inmateloc/ (last visited Oct. 8, 2021).

---

[1]   "[P]risoners who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On July 12, 2021, Mr. Carter filed a motion for relief under 18 U.S.C. § 3582(c)(1)(A) (Doc. 24). The government filed a Response (Doc. 26). Mr. Carter filed a Reply (Doc. 29). The court now recites the law governing such motions, and then applies it to his request.

## II.     Legal Standard

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [this] rule of finality is subject to a few narrow exceptions. One such exception is contained in [18 U.S.C.] § 3582(c)(1)." *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation and internal quotation marks omitted). Under this exception, the court may modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days[2] from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A); *see also Maumau*, 993 F.3d at 830–31 (reviewing § 3582(c)(1)'s history, text, and requirements). Recently, our Circuit held that the exhaustion requirement is a claim-processing rule that the government may waive or forfeit. *United States v. Hemmelgarn*, ___ F.4th ___, 2021 WL 4692815, at *2 (10th Cir. Oct. 8, 2021).

After considering exhaustion, the court applies a three-step analysis to motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). The court may grant a motion for reduction of sentence only if "(1) the district court finds that extraordinary and compelling reasons warrant such a reduction; (2) the district court finds that such a reduction is consistent with applicable policy statements issued by the Sentencing

---

[2]     Under § 3582(c)(1)(A), a defendant may file a motion for compassionate release directly with the district court after "the passage of 30 days from the defendant's *unanswered request* to the warden for such relief." *See Maumau*, 993 F.3d at 830 (emphasis added).

Commission; and (3) the district court considers the factors set forth in [18 U.S.C.] § 3553(a), to the extent that they are applicable." *Id.* Relief may "be granted only if all three perquisites are satisfied," and, accordingly, "the three steps [can] be considered in any order." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021).

The Tenth Circuit recently held that it does not view the first step—"extraordinary and compelling" reasons—as jurisdictional. *See id.* at 942 n.7 (declining "to read a jurisdictional element into § 3582(c)(1)(A)'s 'extraordinary and compelling reasons' requirement when the statute itself provides no indication (much less a 'clear statement') to that effect").

The court need not consider the second step of the analysis because the Sentencing Commission has not issued an "applicable policy statement" for defendant-filed compassionate release motions, like this one. *Maumau*, 993 F.3d at 837. So, unless "and until the Sentencing Commission issues such a policy statement, the second requirement does not apply." *United States v. Quinn*, No. CR 10-20129-03-KHV, 2021 WL 3129600, at *2 (D. Kan. July 23, 2021).

**III.    Discussion**

    **A.    Whether Mr. Carter Satisfies § 3582(c)(1)(A)'s Requirement of Exhaustion or Lapse**

Mr. Carter explains that he "formally requested to Warden Young at Oklahoma City FTC for Compassionate Release on May 7, 2021." Doc. 24 at 6. And he reports that "Warden Young rejected Carter's request on or about May 27, 2021." *Id.* The warden thus responded to the request in a timely fashion, foreclosing the possibility of "lapse." *See Maumau*, 993 F.3d at 830. Mr. Carter asserts nothing about exhausting his administrative rights to appeal the warden's denial. But, the government "does not contest the defendant's attempt to exhaust his available administrative remedies." Doc. 26 at 4. Thus, the court considers this argument waived. *Hemmelgarn*, 2021 WL 4692815, at *2.

3

### B.     Extraordinary and Compelling Reasons

Mr. Carter "suffers from a mal-rotated intestine, Colonic Diverticulosis, Dependent Atelectasis, and various mental health issues." Doc. 24 at 3. The mal-rotated intestine required surgery and a ten day hospital stay in September 2020. Doc. 24 at 1. The "condition is potentially recurrent" and Mr. Carter requires a special diet and medical care to reduce the risk of another bowel obstruction, which could be fatal to Mr. Carter. *Id.* at 1–2. The diverticulosis also increases the risk of another blockage. *Id.* at 2.

Mr. Carter cites a letter from Dr. Desantis-Wilcox, his current doctor. Doc. 24 at 8. He claims Dr. Desantis-Wilcox wrote that Mr. Carter's "medical conditions place him at increased risk for developing severe COVID-19 disease." Doc. 24 at 8–9. But, Mr. Carter failed to attach this letter to his motion. Nonetheless, the court assumes Mr. Carter's medical conditions present extraordinary and compelling reasons in light of the COVID-19 pandemic.

Next, the court considers whether § 3553(a)'s sentencing factors favor the relief Mr. Carter seeks.

### C.     Whether the § 3553(a) Factors Favor Reducing the Sentence

Before the court may reduce a defendant's term of imprisonment under § 3582(c)(1)(A), the court must consider whether the defendant poses a danger to the community, and the relevant sentencing factors under § 3553(a). 18 U.S.C. § 3582(c)(1)(A).[3] If a proposed modified sentence strays too far from the original sentence, the § 3553(a) factors cannot support the sentence reduction, even where a defendant faces extraordinary and compelling circumstances.

---

[3] Those factors include: (1) defendant's personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offenses; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants. *See* 18 U.S.C. § 3553(a).

*See United States v. Pope*, No. 16-10039-JTM, 2020 WL 5704270, at *1 (D. Kan. Sept. 24, 2020) ("This court has concluded that compassionate release based on COVID-19 related concerns should be denied where the resulting sentence would materially depart from an appropriate § 3553(a) sentence[.]"); *United States v. Kaufman*, No. 04-40141-1-JTM, 2020 WL 4196467, at *2 (D. Kan. July 21, 2020) ("Even when an older inmate faces some serious medical condition, compassionate release should be denied if it would radically alter the appropriate § 3553 sentence.").

The government opposes Mr. Carter's motion. It argues the § 3553(a) factors disfavor his request because a sentence "reduction to time-served would run counter relative to the nature and seriousness of his offense and the need for this proper sentence to provide just punishment and promote respect for the law." Doc. 26 at 10.

Here, the court's analysis of certain § 3553(a) factors has shifted since Mr. Carter's sentencing. For example, under the history and characteristics factor, the court acknowledges that Mr. Carter's health conditions and the resulting risks he faces as a federal inmate during the COVID-19 pandemic support a lesser sentence than when the court sentenced him. And, the court notes, Mr. Carter shares that he has completed many educational and rehabilitation programs while incarcerated. Doc. 24 at 9–10; Doc. 24-1 at 2–4. Mr. Carter also reports that he has had no incidents or infractions while incarcerated. Doc. 24-1 at 2. Mr. Carter's accomplishments, goals, and commitment to acquiring education and professional credentials are commendable. But the court must weigh this information against other facts relevant to the court's analysis of the sentencing factors. Those other facts do not support the significant sentence reduction that Mr. Carter seeks.

Mr. Carter committed a serious felony offense. Mr. Carter sold methamphetamine—two to four ounces per day. Doc. 19 at 5 (PSR ¶ 14). Law enforcement found 80 grams of 99% pure methamphetamine at Mr. Carter's residence and the Presentence Investigation Report used 113.4 grams to determine his offense level. *Id.* (PSR ¶ 16). Mr. Carter's criminal history category was V—the second highest category. *Id.* at 11 (PSR ¶ 46). The Guidelines range at sentencing was 140 months to 175 months. *Id.* at 15 (PSR ¶ 79). The plea agreement to which Mr. Carter agreed was for 120 months. *Id.* at 4 (PSR ¶ 9). And his projected release date is more than four years away. *See* Michael Allen Carter, Reg. No. 28751-031, https://www.bop.gov/inmateloc/ (last visited Oct. 8, 2021). To release him to home confinement or reduce his sentence to time served would radically alter the appropriate, below Guidelines sentence—the reduced sentence to which he agreed. Such a sentence would no longer reflect the seriousness of his offense.

### IV.   Conclusion

Although his medical conditions during the COVID-19 pandemic present an extraordinary and compelling circumstance under the governing statute, the court concludes that the applicable sentencing factors do not support the substantial sentence modification that Mr. Carter seeks. His motion thus fails to satisfy § 3582(c)(1)(A)'s requirements. So, the court denies it.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Carter's motion under 18 U.S.C. § 3582(c)(1)(A) (Doc. 24) is denied.

**IT IS SO ORDERED.**

**Dated this 20th day of October, 2021, at Kansas City, Kansas.**

s/ Daniel D. Crabtree  
Daniel D. Crabtree  
United States District Judge

6